■ MIGUEL CARRASCO, Appellant, v AURORA MENDEZ, Respondent. [773 NYS2d 605]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 24, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician submitted in opposition to the defendant's motion was insufficient to raise a triable issue of fact.

Accordingly, the defendant was entitled to summary judgment dismissing the complaint. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.

■ CARMINE CHIUSANO et al., Appellants, v CARRIS REELS, INC., Respondent. [773 NYS2d 605]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated January 22, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established its prima facie entitlement to summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the plaintiffs' remaining contention. Smith, J.P., Luciano, Adams and Rivera, JJ., concur.